RECORD NO. 24-1117

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

HAMILTON HALL SWART, III and RICHARD EARL DASILVA

Plaintiffs-Appellants,

v.

JASON S. MIYARES and HAROLD W. CLARKE,

Defendants-Appellees.

_____

On Appeal From The United States District Court
For The Eastern District Of Virginia
At Richmond

_____

**APPELLANTS' REPLY BRIEF**

_____

Jeffrey E. Fogel
913 E. Jefferson Street
Charlottesville, VA 22902
(434) 984-0300
(434) 220-4852 (Fax)
jeff.fogel@gmail.com
Attorney for Appellants

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Argument:

I.     The Defendants' Attempt to Amend the Statute by Administrative Fiat was an Unreasonable and Inappropriate Response to the Serious Deprivation that Befell Many Prisoners, Including Plaintiffs. . . . . . . . . . . . 1

     A.     Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     B.     Defendants' Conduct Violated The Constitutional Rights of Plaintiffs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.     The Law was Clearly Established that Detention Beyond a Mandatory Release Date Violates the Eighth and Fourteenth Amendments If Accompanied by Deliberate Indifference . . . . . . . . . . . . . . . . . . . . . . . . . 8

III.     Director Clarke is Not Entitled to Qualified Immunity. . . . . . . . . . . . . . . 11

IV.     Plaintiffs are Not Pursuing Their Procedural Due Process Claim. . . . . . . . 12

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

| Case | Page |
|---|---|

*Alcocer v. Mills*, 906 F.3d 944 (11th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Booker v. S.C. Dep't of Corr.*, 855 F.3d 533 (4th Cir. 2017). . . . . . . . . . . . . . . . . . 8

*Campbell v. Florian*, 972 F.3d 385 (4th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Campbell v. Johnson*, 586 F.3d 835 (11th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . 4

*Campbell v. Peters*, 256 F.3d 695 (7th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . 4

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998). . . . . . . . . . . . . . . . . . . . . 5, 6

*Davis v. Hall*, 375 F.3d 703 (8th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Golson v. Department of Corrections*, 914 F.2d 1491 (4th Cir. 1990). . . . . . . . . . . 4

*Green v. Post*, 574 F.3d 1294 (10th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985)(en banc). . . . . . . . . . . . . . . . 4

*Hurd v. Fredenburgh*, 984 F.3d 1075 (2d Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Woodley*, 777 S.E.2d 560 (Va. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jones v. Tilley*, No. 18-5953, at *4 (6th Cir. Mar. 1, 2019). . . . . . . . . . . . . . . . . 4, 9

*Kapordelis v. Myers*, 16 F.4th 1195 (5th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . 4

*McNeil v. Director*, 407 U.S. 245 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Owens ex Rel. Owens v. Lott*, 372 F.3d 267 (4th Cir. 2004) . . . . . . . . . . . . . . . . . 8

*Prease v. Clarke*, 888 S.E.2d 758 (Va. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7

*Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919 (11th Cir. 2000) . . . . . . . . . 9

*Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Sanford v.Stiles*, 456 F.3d 298 (3d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Shorts v. Bartholomew*, 255 Fed. App'x. 46 (6th Cir. 2007) . . . . . . . . . . . . . . . . 4, 9

*Vasquez v. Dotson*, No. 230514 (Va. Sup. Ct., April 18, 2024) . . . . . . . . . . . . . 2, 6

*Williamson v. Stirling*, 912 F.3d 154 (4th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . 9

*Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Young v. City of Mount Ranier*, 238 F.3d 567 (4th Cir. 2001) . . . . . . . . . . . . . . . 5

Statutes

H.B. 5148 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

Virginia Code:

§ 18.2-29 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

§ 18.2-32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

§ 18.2-67.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

§ 53.1-202.3(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

§ 53.1-202.3(A)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

§ 53.1-202.3(A)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

§ 53.1-2202.3(A)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

§ 53.1-202.3(A)(10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

§ 53.1-202.3(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  **THE DEFENDANTS' ATTEMPT TO AMEND THE STATUTE BY ADMINISTRATIVE FIAT WAS AN UNREASONABLE AND INAPPROPRIATE RESPONSE TO THE SERIOUS DEPRIVATION THAT BEFELL MANY PRISONERS, INCLUDING PLAINTIFFS**.

A.  Introduction.

In Virginia Code § 53.1-202.3(A), incorporating H.B. 5148, the legislature lists all offenses that are excluded from receiving enhanced sentence credits. The list contains no mention of attempted murder, aggravated or otherwise. The statute does reference over 50 sections of the Virginia Code using varied and specific language for each exemption. Certain inchoate offenses such as solicitation to commit murder under § 18.2-29 (§ 53.1-202.3(A)(2); conspiring, aiding, and abetting acts of terrorism (§ 53.1-202.3(A)(4); certain attempts under Article 4 of Chapter 4 of Title 18.2 (§ 53.1-2202.3(A)(6); and certain attempts included in Article 7 of Chapter 4 of Title 18.2, including attempted rape and attempted aggravated sexual battery under § 18.2-67.5 (§ 53.1-202.3(A)(10) are all explicitly named in the statute as ineligible. The statute also directs that only the explicitly enumerated offenses in subsection A are ineligible for the expanded sentence credits. § 53.1-202.3(B).

A.G. Miyares was a vehement opponent of expanding good time credits to any prisoners and voted against H.B. 5148. Shortly after he came into office, he proceeded on a broad scale effort to limit the scope of the newly granted enhanced

1

sentence credits, consistent with his political opposition to enhancing any sentence credits. *See e.g. Prease v. Clarke*, 888 S.E.2d 758 (Va. 2023); *Vasquez v. Dotson*, No. 230514 (Va. April 18, 2024). Notwithstanding the unambiguous, clear and specific terms of the statute, defendant argued in *Prease* "that the General Assembly *clearly* did not intend for an individual convicted of attempted aggravated murder to receive expanded sentence credits." *Prease* at 761(emphasis supplied). A.G. Miyares now claims that "it was *unclear* whether Va. Code § 53.1-202.3(A) made the enhanced credits inapplicable to . . inchoate versions of the listed offenses, such as . . . attempt . . . ." Appellees' Brief at 6. (emphasis supplied). His opinion was that though not mentioned in H.B. 5148, the inchoate offense of attempt to commit aggravated murder should be added to the list of offenses ineligible for enhanced sentence credits. However, in *Prease*, the Supreme Court rejected that notion and held that the plain language of the law meant that the legislature *clearly* intended to make those inchoate offenses eligible for enhanced credits. Thereafter, in *Vasquez v. Dotson*, No. 230514 (Va. April 18, 2024), the Supreme Court rejected the Miyares opinion that "any violation of § 18.2-32," the murder statute, referenced in Code § 53.1-202.3(A)(2), included conspiracy to commit murder. Defendant Miyares argued that, in his opinion, it was irrational for the legislature to have included certain offense as ineligible (i.e. solicitation to commit murder) but allow others (i.e. attempted murder or

2

conspiracy to murder) to receive those credits. In essence he argued that the legislature, of which he was a part, made a bad choice. However, as the Virginia Supreme Court held, "[w]e may not extend the meaning of a statute 'simply because it may seem to us that a similar policy applies, or upon the speculation that if the legislature had thought of it very likely broader words would have been used." *Prease supra*. 888 S.E. 2d at 763(citing and quoting *In re Woodley*, 777 S.E.2d 560, 565 (Va. 2015).

A fair inference from his motivation and actions leads to the conclusion that Miyares' "advisory" opinion was the result of his political beliefs rather than a reasonable interpretation of a law that needed no interpretation. Given the serious consequences that flowed from that opinion,[1] it was an unreasonable and inappropriate response and constituted deliberate indifference to the rights granted to plaintiffs by the legislature and their right not to be incarcerated in the absence of penological justification.

B.  Defendants' Conduct Violated The Constitutional Rights of Plaintiffs.

Every court that has considered the question has concluded that over-detention, that is incarceration beyond a mandatory release date, violates the

---

[1] It is unclear how many people were kept in prison beyond their mandatory release date, but it certainly affected everyone who was convicted of attempts or conspiracies for offenses not specifically enumerated in H.B. 5148, including those convicted of attempted murder or conspiracy to commit murder.

constitution if accompanied by "deliberate indifference." Some courts have held that the Eighth Amendment is the proper vehicle for analyzing such claims,[2] while others have held that the Fourteenth Amendment should be used.[3] Some have held that both constitutional amendments are applicable.[4] Even the principal cases cited by defendants on this point, (Appellees' Brief at 20), do not exclude the applicability of the Eighth Amendment. *See McNeil v. Director*, 407 U.S. 245, 246 (1972)(finding a cause of action for over-detention under the Fourteenth Amendment but not foreclosing an Eighth Amendment approach); *Shorts v. Bartholomew*, 255 Fed. App'x. 46, 51 (6th Cir. 2007)("that the right at issue is secured by the Constitution and laws of the United States, is beyond dispute: when a prisoner's sentence has expired, he is entitled to release" and citing to several cases decided under the Eighth Amendment). And the Fourth Circuit has held that

---

[2] *See e.g.*; *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001); *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985)(en banc).

[3] *See e.g. Kapordelis v. Myers*, 16 F.4th 1195, 1200 (5th Cir. 2021); *Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009); *Davis v. Hall*, 375 F.3d 703, 712 (8th Cir. 2004); *Hamilton v. O'Leary*, 976 F.2d 341, 344 (7th Cir. 1992).

[4] *See e.g. Hurd v. Fredenburgh*, 984 F.3d 1075, 1085 (2d Cir. 2021)*; Jones v. Tilley*, No. 18-5953, at *4 (6th Cir. Mar. 1, 2019)("The right plaintiff asserts—his right not to be detained past the expiration of his term of incarceration under the Fourteenth and Eighth Amendments—is one we have recognized as being established "beyond dispute."); *Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008); *See also Golson v. Department of Corrections*, 914 F.2d 1491 at *1. (4th Cir. 1990)(over-detention "may state a claim under the due process clause and the eighth amendment.").

4

a claim for damages for unconstitutional imprisonment because Virginia improperly extended the length of a prison sentence, as here, is viable. *Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

In this case, the only issue is whether plaintiffs have stated a plausible claim that defendants acted with deliberate indifference to the rights granted by the legislature and to the principle that incarceration without penological justification violates the constitution. "Deliberate indifference" is the culpability standard for either the Eighth or the Fourteenth Amendment. As the Supreme Court explained in *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998), there are levels of culpability largely determined by whether the official(s) had time to reflect before acting. *See also Green v. Post*, 574 F.3d 1294, 1305 (10th Cir. 2009)("Where the state actor has the luxury to truly deliberate about the decision he or she is making, . . . calculated indifference [] may suffice to shock the conscience."); *Sanford v.Stiles*, 456 F.3d 298, 309 (3d Cir. 2006)("in cases where deliberation is possible and officials have time to make 'unhurried judgments,' deliberate indifference is sufficient."). Since in this case there was more than adequate time to reflect, a middle level of culpability is appropriate. As this Court has held, "conduct 'falling within the middle range' of culpability — that is, conduct that is more than negligent but less than intentional — can give rise to liability under the Fourteenth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 574 (4th Cir.

2001)(citing and quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). *See also Alcocer v. Mills*, 906 F.3d 944, 953 (11th Cir. 2018)(in an over-detention case a plaintiff has to prove that the offending officer "did so by conduct that is more than mere negligence. (citation omitted)"

While repeatedly incanting the phrase "shocks the conscience" (see Appellees' Brief at 2, 16, 31 (3x), 32, 33, 34, 35), defendants concede that proof of "deliberate indifference" would meet that standard. Appellees' Brief at 32.

As noted, plaintiffs have alleged that defendant Miyares' conduct was motivated by his opposition to the legislation that was passed over his strenuous objection. In his opinion, he sought to exclude a number of classes of inmates whose offenses were not listed in the exclusions specified in the statute. In each instance he was rebuffed by the plain language of the statute. He claims that he was simply analyzing the statute based on the supposed intent of the General Assembly, which, according to him, was to limit those who would receive enhanced sentence credits. Appellees' Brief at 26. He argues that he "placed more weight [than his predecessor] on apparent legislative purpose" and that his opinion was consistent with that legislative purpose. Appellee's Brief at 33. However, "the declared purpose" of HB 5148 was "'as an incentive for good behavior and rehabilitative activity while incarcerated.'" *Vasquez v. Dotson*, No. 230514, (Va. April 18, 2024)(citing *Prease, supra.* at 379). Mr. Miyares' efforts to limit the

6

scope of the legislatively mandated good time credits goes directly against the declared purpose of the act.[5]

Given his political motivation to limit the scope of the law, his failure to utilize any proper legislative analysis and his distorted claim of the purpose of the statute, it is a fair inference that he acted with deliberate indifference to the extensive harm that he knew would be caused by his conduct. Thus, plaintiffs have made a plausible claim that Miyares violated their rights under the Eighth and Fourteenth Amendments.

Director Clarke acknowledges that he simply followed the political winds when adopting the new attorney general's opinion even though it was advisory, not binding. Appellees' Brief at 30 ("Director Clarke consistently obeyed the operative opinion of the sitting Attorney General"). Blindly following the political winds when the law was clear and unambiguous (even to a "non-lawyer," albeit with extensive penological expertise) and when it was apparent that many prisoners would suffer the deprivation of extended prison terms should be viewed as deliberate indifference.

## II. THE LAW WAS CLEARLY ESTABLISHED THAT DETENTION BEYOND A MANDATORY RELEASE DATE VIOLATES THE EIGHTH AMENDMENT AND FOURTEENTH AMENDMENTS IF ACCOMPANIED BY DELIBERATE INDIFFERENCE.

---

[5] The district court nonetheless held that defendant had "appropriately considered the intent of the legislature." JA052.

Defendants assert that this case should be affirmed because the law was not clearly established. (Appellees' Brief at 30-31). The district court made no holding on this issue but rather granted qualified immunity on the grounds that plaintiffs failed to establish a constitutional violation. Thus, there was no reason to address a question that the district court left unaddressed.

In any event, both the governing statute and case law made it abundantly clear that incarceration beyond the statutorily mandated release date violates the constitution if accompanied by deliberate indifference. In the Fourth Circuit, [i]n the absence of controlling authority that specifically and precisely adjudicates the right in question, a right may still be clearly established in one of three ways. First, "the decisional law may apply with obvious clarity to the specific conduct in question, even though `the very action in question has [not] previously been held unlawful,' *Owens ex Rel. Owens v. Lott*, 372 F.3d 267, 279 (4th Cir. 2004) (stating that a right may be clearly established if it is "manifestly apparent from broader applications of the constitutional premise in question"). Secondly, a right may be clearly established based on a "'consensus of cases of persuasive authority' from other jurisdictions." *Owens, supra*., at 280. *See also Booker v. S.C. Dep't of Corr*., 855 F.3d 533, 543 (4th Cir. 2017)("[D]espite the lack of directly on-point, binding authority, the right was clearly established based on general constitutional principles or a consensus of persuasive authority."). Finally, the law is clearly

established when public officials are on notice that their conduct violates established law even in novel factual circumstances,' so long as the law provided 'fair warning' "that their conduct was wrongful.") *Williamson v. Stirling*, 912 F.3d 154, 187 (4th Cir. 2018). *See also Priester v. City of Riviera Beach, Fla*., 208 F.3d 919, 926 (11th Cir. 2000)(law is clearly established if official "had to know he was violating the Constitution even without case law on point.").

The language of the governing statute was clear and unambiguous and there is overwhelming authority for the proposition that incarceration beyond a one's sentence implicates either or both the Eighth and Fourteenth Amendments. *See* cases cited *supra*. at 4, nn. 2-4. *See also Jones v. Tilley*, No. 18-5953, at *4 (6th Cir. Mar. 1, 2019)("The right . . . not to be detained past the expiration of his term of incarceration under the Fourteenth and Eighth Amendments—is one we have recognized as being established 'beyond dispute.' *Shorts v. Bartholomew*, 255 F. App'x 46, 51-52 (6th Cir. 2007)"). There is also universal authority for the proposition that incarceration without penological justification violates the Constitution. *See* plaintiffs' initial Brief at 9-10.

If there were any question in the Fourth Circuit about the Eighth Amendment rights at issue and the process for determining them, *Campbell v. Florian*, 972 F.3d 385 (2020) provided it. "To qualify as a cruel and unusual punishment implicating the Eighth Amendment, Campbell's claimed deprivations

must satisfy 'objective' and 'subjective' requirements." *Florian, supra*. at 393.

Thus, any reasonable official (and especially a reasonable lawyer) would know that a prisoner who could prove both requirements would have a viable cause of action under the Eighth Amendment. The official would also know that to avoid liability s/he only need to prove that their conduct was "reasonable." *Id.* at 395. Thus, the law provided 'fair warning' of the circumstances that would lead to liability under the Eighth Amendment.

Defendants contend that the law was not clearly established that detention beyond a release date mandated by the legislature could violate the Fourteenth Amendment.[6] At the same time, defendants argue that it is well established that the Fourteenth Amendment is the proper vehicle for such a claim. Given that the culpability standard, deliberate indifference, is the same under the Eighth And Fourteenth Amendments, *Florian* also provided notice of what would constitute a Fourteenth Amendment violation.

There is a 'consensus of cases of persuasive authority' from other jurisdictions that have considered the constitutional implications of over-detention. Thus, the "general constitutional rule already identified in the

---

[6]In the district court, defendants successfully argued that plaintiffs had no due process rights because the intervention of the defendants, prior to the effective date of the act, prevented the right to enhanced sentence credits from vesting. JA054-JA056. Plaintiffs addressed this in their opening brief (Appellants' Brief at 17-21), but defendants appear to have abandoned that position.

decisional law applies with obvious clarity to the specific conduct in question."

Moreover, it is widely recognized and established jurisprudence that incarceration "totally without penological justification." violates the constitution. In this case, it is clear that there was no justification for continued incarceration once the legislatively imposed scheme of mandatary good time credits was applied. The rights at issue here were clearly established by the time Mr. Miyares issued his opinion and Mr. Clarke acted on that opinion and therefore qualified immunity should be denied.

### III. DIRECTOR CLARKE IS NOT ENTITLED TO QUALIFIED IMMUNITY.

Defendants argue, in reliance on the opinion below, that Mr. Clarke cannot be held liable because he was a "non-lawyer" who "merely followed the legal advise of an executive branch official training in legal analysis." Appellees' Brief at 35 (citing and quoting from the district court opinion regarding plaintiffs' Eight Amendment claim at JA053). As plaintiffs pointed out in their opening brief, the district court's opinion was in error due to the essential fact that Mr. Clarke voluntarily choose to follow the advice of Mr. Miyares and reject that of his predecessor Mr. Herring. Appellants' Brief at 24-25. Mr. Clarke acknowledges that he simply followed the political winds when adopting the new attorney general's opinion even though it was advisory, not binding. Appellees' Brief at 30 ("Director Clarke consistently obeyed the operative opinion of the sitting Attorney

11

General). Blindly following the political winds when the statute was clear and unambiguous and when it was apparent that many prisoners would suffer the deprivation of extended prison terms should also be viewed as deliberate indifference.

## IV. PLAINTIFFS ARE NOT PURSUING THEIR PROCEDURAL DUE PROCESS CLAIM.

After reviewing the case law cited by defendants, plaintiffs are not pursuing their Fourteenth Amendment procedural due process claim.

## CONCLUSION

For the foregoing reasons, as well as those set forth in plaintiffs' opening brief, the judgment of the district court should be reversed and remanded for further proceedings.

Respectfully submitted,
Hamilton Hall Swart, III
Richard Earl DaSilva
By counsel

s/_____
Jeffrey E. Fogel
913 E. Jefferson Street
Charlottesville, VA 22902
(434) 984-0300
(434) 220-4852 (fax)
jeff.fogel@gmail.com
Attorney for Plaintiffs                                            June 24, 2024